JS 44 (Rev. 10/20)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Beverly Rivera

**DEFENDANTS**
Commonwealth of Pennsyl;vania, Office of the Attorney General

(b) County of Residence of First Listed Plaintiff: **Philadelphia**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) Attorneys *(Firm Name, Address, and Telephone Number)*
Law Offices of Robert T Vance Jr, 100 South Broad Street, Suite 905, Philadelphia PA 19110  215 557 9550

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [x] 3 Federal Question (U.S. Government Not a Party)
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **PROPERTY RIGHTS** | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | ☐ 820 Copyrights | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 880 Defend Trade Secrets Act of 2016 | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | | **SOCIAL SECURITY** | ☐ 485 Telephone Consumer Protection Act |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 196 Franchise | | | ☐ 751 Family and Medical Leave Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| | | | ☐ 790 Other Labor Litigation | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☒ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 448 Education | ☐ 550 Civil Rights ☐ 555 Prison Condition ☐ 560 Civil Detainee - Conditions of Confinement | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 USC Section 1981
Brief description of cause:
Employment discrimination - race

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $** _____

CHECK YES only if demanded in complaint:
**JURY DEMAND:** [x] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*
JUDGE: n/a
DOCKET NUMBER: _____

DATE: February 5, 2023
SIGNATURE OF ATTORNEY OF RECORD: */s/ Robert T Vance Jr/*

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: __Philadelphia, Pennsylvania__

Address of Defendant: __Philadelphia, Pennsylvania__

Place of Accident, Incident or Transaction: __Philadelphia, Pennsylvania__

---

**RELATED CASE, IF ANY:**

Case Number: __n/a__  Judge: _____  Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?  Yes [ ]  No [✓]

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?  Yes [ ]  No [✓]

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?  Yes [ ]  No [✓]

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?  Yes [ ]  No [✓]

I certify that, to my knowledge, the within case [ ] is / [●] is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: __02/05/2023__  _/s/ signature_  __37692__
  *Attorney-at-Law / Pro Se Plaintiff*  *Attorney I.D. # (if applicable)*

---

**CIVIL:** (Place a √ in one category only)

A. **Federal Question Cases:**
1. [ ] Indemnity Contract, Marine Contract, and All Other Contracts
2. [ ] FELA
3. [ ] Jones Act-Personal Injury
4. [ ] Antitrust
5. [ ] Patent
6. [ ] Labor-Management Relations
7. [✓] Civil Rights
8. [ ] Habeas Corpus
9. [ ] Securities Act(s) Cases
10. [ ] Social Security Review Cases
11. [ ] All other Federal Question Cases
   *(Please specify):* _____

B. **Diversity Jurisdiction Cases:**
1. [ ] Insurance Contract and Other Contracts
2. [ ] Airplane Personal Injury
3. [ ] Assault, Defamation
4. [ ] Marine Personal Injury
5. [ ] Motor Vehicle Personal Injury
6. [ ] Other Personal Injury *(Please specify):* _____
7. [ ] Products Liability
8. [ ] Products Liability – Asbestos
9. [ ] All other Diversity Cases
   *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, __Robert T Vance Jr__, counsel of record *or* pro se plaintiff, do hereby certify:

[✓] Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

[✓] Relief other than monetary damages is sought.

DATE: __02/05/2023__  _/s/ signature_  __37692__
  *Attorney-at-Law / Pro Se Plaintiff*  *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

*Civ. 609 (5/2018)*

**United States District Court for the Eastern District of Pennsylvania**

| | | |
|---|---|---|
| Beverly Rivera | : | |
| | : | |
| vs | : | Civil Action No. |
| | : | **Jury Trial Demanded** |
| Commonwealth of Pennsyvania, Office of | : | |
| the Attorney General | : | |

*Complaint*

Plaintiff, Beverly Rivera, brings a series of claims against defendant, Commonwealth of Pennsylvania Office of the Attorney General, of which the following is a statement.

*Jurisdiction and Venue*

1. This Court has original jurisdiction to hear this Complaint and adjudicate the claims stated herein under 28 U.S.C. §§ 1331and 1343, this action being brought under 42 U.S.C. §1983 ("Section 1983"), the Civil Rights Act of 1866, 42 U.S.C. § 1981 ("Section 1981"), and the Civil Rights Act of 1991, Pub. L. 102-166, 105 Stat. 1071 (Nov. 21, 1991).

2. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2), because a substantial part of the events or omissions giving rise to this case occurred in this judicial district.

3. Ms. Rivera timely filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission alleging violations of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§2000d and 2000e et swq. ("Title VII") and the Pennsylvania Human Relations Act, 43 P.S. §951 et seq. ("PHRA").  Upon receipt of the Notice of Right to

Sue from the EEOC, Ms. Rivera will amend this Complaint to include claims under Title VII and the PHRA.

## *The Parties*

4. Plaintiff, Beverly Rivera, is a Puerto Rican female citizen of the United States and a resident of this judicial district.

5. Defendant, Commonwealth of Pennsylvania, Office of Attorney General, is an agency of the Commonwealth of Pennsylvania. It's principal place of business is located at 16th Floor, Strawberry Square, Harrisburg, Pennsylvania 17120.

6. At all times relevant to this action, defendant was an "employer" within the meaning of Section 1983, Section 1981 and applicable state law.

7. The acts set forth in this Complaint were authorized, ordered, condoned and/or done by defendant's officers, agents, employees and/or representatives while actively engaged in the management of defendant's business and pursuant to defendant's official policies and customs.

## *Background Facts*

8. Plaintiff, Beverly Rivera, was employed by Defendant as a Narcotics Agent 1, Strategic Response Team, from August 12, 2019, until August 30, 2022, when her employment was terminated because of her race and gender, and as a result of the hostile work environment based on her race and gender defendant created, condoned and perpetuated.

9. On March 31, 2021, Defendant's Regional Director, Nehemiah Haigler, informed Ms. Rivera that she was being placed on paid administrative leave pending investigation. In connection with that action, Defendant required Ms. Rivera to return her Defendant-issued firearm, badge, identification/access card and vehicle. Defendant took this action against Ms.

Rivera because of her race and gender, and in furtherance of the creation and perpetutation of a hostile work environment based on her race and gender.

10. Sometime after March 31, 2021, Ms. Rivera learned that the basis of the investigation was her alleged violations, during the period October 2020 through March 2021, of Office of Attorney General Criminal Law Division Criminal Investigations Operational Manual Directives 204.4 (Performance of Duty), 204.5 (Competency), 204.8 (Lawful Order), 204.14 (Reporting for Duty), and 204.23 (Reports), and her alleged violation on or about December 15, 2020 of Directives 204.5 (Competency), 204.8 (Lawful Order), 204.23.A (Timely Reports), and 204.23.B (Accurate Reports). However, at no time did Ms. Rivera violate any of those Directives.

11. In or about October 2020, Supervisory Narcotics Agent (SNA) John E. Martinez became Ms. Rivera's immediate supervisor. SNA Martinez is of Argentinian ancestry, while Ms. Rivera is of Puerto Rican ancestry. Prior to SNA Martinez becoming her supervisor, Ms. Rivera never had any work performance issues.

12. SNA Martinez created and perpetuated a hostile work environment based on race and sex, and discriminated against Ms. Rivera because of her race and sex. Agent Rivera dutifully attempted to meet SNA Martinez's expectations, but her actions were constantly criticized and belitted. SNA Martinez treated non-Puerto Rican and male Agents different and better than Agent Rivera. SNA Martinez was unapproachable, and acted as if Agent Rivera's mere presence was bothersome. He also subjected Agent Rivera to inappropriate remarks, and discussed Agent Rivera with her co-workers in a derogatory and demeaning manner. Some examples of SNA Martinez's offensive conduct are set forth below.

13. In or about October 2020, while Agent Rivera was engaged in general conversation with Agent Stacey Rucker, she told Agent Rivera that SNA Martinez asked her if she and Agent Rivera were dating. Agent Rucker also told Agent Rivera that on another occasion, SNA Martinez said to her, "look at Louie trying to fuck Beverly."

14. Agent Rivera had numerous conversations with Agent Rucker about how SNA Martinez made her feel uncomfortable. Agent Rivera even told Agent Rucker that she wanted to transfer to a different squad in order to get away from SNA Martinez.

15. SNA Martinez prevented Agent Rivera from working with other Narcotics Agents. For example, Agent Rivera discussed with SNA Martinez several future investigations that she would have worked on with other agents in the office. Agent Rivera was asked several times by Police Officer Richard Lynch and Police Officer Luis Melendez to work with them on future investigations. SNA Martinez never gave her permission to do so.

16. SNA Martinez blamed Agent Rivera for poor performance by others. For example, in or around January 2021, while taking Officer Lynch to pick up his official vehicle, Agent Rivera told him that it had been very difficult for her to get Agent Ryan Kanyuck to complete required documents related to a December 2020 search warrant. She told Officer Lynch that SNA Martinez blamed her and would not say anything to Agent Kanyuck because they were on the same squad and were good friends.

17. On or about January 5, 2021, Agent Rivera spoke to SNA Martinez about a future investigation she and Officer Melendez already had obtained information about, and about scheduling a surveillance or buy on January 6, 2021. SNA Martinez rejected her request, stating that there was too much other work to do on January 6, 2021. Several days later, Agent Rivera

learned that SNA Martinez had given that case to another agent. Agent Rivera later learned that Officer Melendez had no idea that the case was given to another agent, and that he had told SNA Martinez that he and Agent Rivera would work the case.

18. On January 11, 2021, SNA Martinez summond Agent Rivera to a meeting with Mr. Haigler and Deputy Attorney General Melissa Francis. When she entered the room, Mr. Haigler told Agent Rivera that the meeting was off the record, that Agent Rivera was not in trouble, and that she was not going to be asked to sign any documents. Mr. Haigler began the meeting by asking Agent Rivera how she thought her performance had been during the past year. Agent Rivera responded, "good," at which point SNA Martinez abruptly interrupted her, stating "I'm not going to sugar coat anything. You have not been doing good on your reports and the last job you did was not good. You fucked up. And you have to admit when you fuck up. I am an old man and I admit when I fuck up. You're always at your computer, what are you doing at your computer?" Agent Rivera replied that she did not understand what he meant, and that she had brought several future investigations to him that she would haved liked to work with Officer Melendez, Officer Lynch, and Officer Stephen Dmytryk. SNA Martinez did not initially reply. Mr. Haigler then told Agent Rivera he would like her to mentor with Agent John Gregory from Diversion, her Fraternal Order of Police (FOP) representative, that it was not permanent, and that she was not off the Kensington Initiative. SNA Martinez suggested that Agent Rivera take a report writing class, and then told her, without providing any reason, that she was no longer allowed to work with Officer Melendez on any future investigations.

19. Unlike Agent Rivera, the male NAs that were involved in the investigations were allowed to keep their positions as NAs, continued to work in the office, received no discipline,

and remained members of the FOP. Moreover, Ms. Rivera was denied a promotion to NA2 and a salary increase.

20. In April 2021, defendant participated in an OPR interview regarding a report she had submitted in December 2020.

21. On September 9, 2021, Agent Rivera participated in a pre-disciplinary meeting related to her actions between October 2020 and March 2021, and the December 15, 2020 incident. That same day, Agent Rivera read an OPR interview report in which SNA Martinez referred to her as a "hamster in a wheel."

22. On or about September 16, 2021, Agent Rivera made a formal written complaint to Defendant's Human Resources Department about the discrimination, harassment and retaliation she had been subjected to.

23. On June 10, 2022, Defendant offered Agent Rivera a pre-diciplinary settlement that would have required her: 1) to voluntarily transfer to a Special Agent I classification in the Intelligence Unit, 2) to end her membership in the FOP, 3) to resign her position within six (6) months, 4) to not reapply for employment with the OAG, and 5) to forfeit her right to grieve the action taken.

24. Agent Rivera rejected this pre-disciplinary settlement.

25. On August 16, 2022, Defendant offered Agent Rivera another pre-disciplinary settlement that would have required her: 1) to admit that she violated five OAG Directives, 2) voluntarily transfer to a Special Agent I classification in the Intelligence Unit, 3) to end her membership in the FOP, 4) to resign her position within one (1) year, 4) to not reapply for employment with the OAG, and 5) to forfeit her right to grieve the action taken.

26. Agent Rivera rejected this pre-disciplinary settlement.

27. By letter dated August 30, 2022, defendant terminated Ms. Rivera's employment effective August 30, 2022, allegedly for violating OAG Criminal Law Division Criminal Investigations Operational Manual Directives 204.5, 204.8, 204.23.A, 204.23.B, 204.4, 204.5, 204.8, 204.14, and 204.23. *See* Exhibit A attached hereto and made a part hereof. Ms. Rivera did not violate any of those Directives.

28. Defendant terminated Ms Rivera because of her race and gender and as a direct and proximate result of the hostile work environment based on race and gender it created, condoned, and perpetuated.

29. Ms. Rivera has suffered, is now suffering and will continue to suffer emotional distress, mental anguish, loss of enjoyment of life and other non-pecuniary losses as a direct and proximate result of defendant's discrimination.

30. Defendant discriminated against Ms. Rivera because of her race and gender and in connection with the hostile work environment based on race and gender it created, condoned, and perpetuated.

31. By reason of defendant's discrimination, Ms. Rivera suffered extreme harm, including loss of income and other employment benefits, loss of professional opportunities, embarrassment and humiliation.

32. Defendant acted and failed to act willfully, maliciously, intentionally and with reckless disregard for Ms. Rivera's rights.

### *Count I*

### *The Civil Rights Act of 1866, 42 U.S.C. §1981*

33. Plaintiff restates and realleges paragraphs 1-32, inclusive, as though set forth here in full.

34. Ms. Rivera had a federal statutory right under the Civil Rights Act of 1866, 42 U.S.C. §1981 ("Section 1981"), as amended, to be accorded the same rights as were enjoyed by White employees with respect to the terms and conditions of their employment relationship with defendant and to the enjoyment of all benefits, privileges, terms and conditions of that relationship.

35. Defendant's conduct described above deprived Ms. Rivera of the rights, privileges and immunities guaranteed to her under Section 1981.

36. By reason of defendant's conduct, Ms. Rivera is entitled to all legal and equitable relief available under Section 1981.

### *Jury Demand*

37. Ms. Rivera hereby demands a trial by jury as to all issues so triable.

### *Prayer for Relief*

Wherefore, Plaintiff, Beverly Rivera, respectfully prays that the Court:

a. adjudge, decree and declare that defendant has engaged in illegal race discrimination, and that the actions and practices of defendant complained of herein are violative of her rights under Section 1981;

b. order defendant to provide appropriate job relief to Ms. Rivera, including immediate reinstatement;

c. enter judgment in favor of Ms. Rivera and against defendant for all available remedies and damages under law and equity, including, but not limited to, back pay, front pay, reinstatement, past and future mental anguish and pain and suffering, in amounts to be determined at trial;

d. order defendant to pay the attorney's fees, costs, expenses and expert witness fees of Ms. Rivera associated with this case;

e. grant such other and further legal and equitable relief as may be found appropriate and as the Court may deem just or equitable; and

f. retain jurisdiction until such time as the Court is satisfied that defendant has remedied the unlawful and illegal practices complained of herein and is determined to be in full

compliance with the law.

_____
Robert T Vance Jr
Law Offices of Robert T Vance Jr
100 South Broad Street - Suite 905
Philadelphia PA 19110
215 557 9550 tel / 215 278 7992 fax
rvance@vancelf.com

*Attorney for Beverly Rivera*

Exhibit A



JOSH SHAPIRO
ATTORNEY GENERAL

COMMONWEALTH OF PENNSYLVANIA
OFFICE OF ATTORNEY GENERAL
HARRISBURG, PA 17120

16TH FLOOR
STRAWBERRY SQUARE
HARRISBURG, PA
17120
(717) 787-3391

August 30, 2022

Beverly Rivera
Narcotics Agent I
Bureau of Narcotics Investigation
  And Drug Control
7801 Essington Avenue
Philadelphia, PA  19153

Dear Ms. Rivera,

    Following concerns regarding your work performance and professional conduct, HR met with you and your union representation three times. You attended a pre-disciplinary conference (PDC) on September 9, 2021, where it was alleged that you violated:

- The OAG Criminal Law Division Criminal Investigations Operational Manual Directives:
    - Directive 204.5 Competency
    - Directive 204.8 Lawful Order
    - Directive 204.23.A Timely Reports
    - Directive 204.23.B Accurate Reports

    You attended an interview to discuss concerns relating to your job performance on September 16, 2021 and a second PDC meeting on October 28, 2021, where it was alleged that you violated:

- The OAG Criminal Law Division Criminal Investigations Operational Manual Directives:
    - Directive 204.4 Performance of Duty
    - Directive 204.5 Competency
    - Directive 204.8 Lawful Order
    - Directive 204.14 Reporting for Duty
    - Directive 204.23 Reports

    Following these proceedings, OAG found each of the above-referenced allegations to have been sustained. Through your FOP Counsel, you indicated a desire to transfer to another State Agency. We spent several months trying to pursue this option on your behalf, however, the State Agency would not accept your transfer. We initiated negotiations towards a pre-disciplinary settlement. After the final draft of the settlement was sent for your signature, your union representative notified us on August 24, 2022 that you no longer wished to engage in the settlement process.

    Your annual performance evaluation, due last fall, was held in abeyance during this time. It is attached, and indicates "Needs Improvement" ratings in every category and an overall rating of Unsatisfactory.

   We have exhausted all attempts to resolve this matter. Please be advised that your employment as a Narcotics Agent I is terminated effective close of business, today, August 30, 2022. We will arrange for you to return any OAG property in your possession.

   You will receive information separately regarding your benefits.

             Sincerely,

             Shari L. McGraw
             Shari L. McGraw MBE, SPHR
             Director of Human Resources & Office Services
             Operations Division

cc: File